IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY EKEH,

      **Plaintiff,**

      v.                                                        CASE NO. 24-3226-JWL

PENSKE TRUCK RENTAL, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing Plaintiff was in custody at the Butler County Jail in El Dorado, Kansas. The Court provisionally granted Plaintiff leave to proceed in forma pauperis. On January 17, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") granting Plaintiff until February 18, 2025, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that to the extent Plaintiff's claims relate to his state criminal proceedings in Butler County, Kansas, the Court may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). Online records show that Plaintiff's criminal proceedings are ongoing. *See State v. Ekeh*, Case No. BU-2024-CR-000496 (District Court of Butler County, Kansas).

Plaintiff's Complaint on the Court-approved form names "Penske Truck Rental et al" as the defendant. His original complaint (which was not on the Court-approved form) listed the defendants as Penske Truck Rental, Enterprise Truck Rental, and the Butler County Jail. *See*

Doc. 1.  The Court found in the MOSC that Plaintiff failed to allege a constitutional violation, and failed to show that Penske or Enterprise were acting under color of state law as required under § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff seeks to hold private companies accountable under § 1983 and does not plead that the defendants acted under color of state law.  Because Plaintiff's complaint fails to sufficiently allege that the defendants were acting under color of state law, this Court lacks jurisdiction over the defendants under § 1983.  *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim.").

Plaintiff originally named the Butler County Jail as a defendant, but does not mention the facility in his Complaint on the Court-approved form.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*,

No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

The MOSC provides that "[f]ailure to respond by the Court's deadline may result in dismissal of this case without further notice." (Doc. 9, at 7.) Plaintiff has failed to respond by the deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated February 24, 2025, in Kansas City, Kansas.**

                    <u>S/ John W. Lungstrum</u>
                    JOHN W. LUNGSTRUM
                    UNITED STATES DISTRICT JUDGE